**SPIVA v. FRANCOUER, et al.**

Nos. 73-1584 and 73-2299.

Circuit Court, Dade County.

June 8, 1973.

Daniel Neal Heller of Heller & Kaplan, Miami, for the Miami News.

Harold L. Ward of Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for the defendant Francouer.

**JACK A. FALK, Circuit Judge.**

In these civil suits, a motion to quash subpoena duces tecum was filed by the general counsel for the Miami News. Counsel for the defendant Francouer had served the subpoena duces tecum for deposition, and had sought, through said subpoena, to require the Miami News to produce —

> "Any and all records which reflect (a) The author of the June 4th, 1973 editorial, a copy of which is attached hereto and made a part hereof as Exhibit 1; (b) The Miami News articles or true copies thereof referred to in the aforesaid editorial, as well as the names and addresses of the author of such articles; and (c) All notes, memoranda and other writings reflecting the investigative work, information sources and other matters on which the said articles were based."

Counsel for the News argues that the reporter's constitutional rights to a confidential relationship with his source stems from the broad societal interest in a full and free flow of information to the public. It is this basic concern, he argues, that underlies the constitution's protection of a free press, citing Grosjean v. American Press Co., 297 U.S. 233, 250, 56 S.Ct. 444 and New York Times v. Sullivan, 376 U.S. 254, 269, 84 S.Ct. 710, 720, because the guarantee is "not for the benefit of the press so much as for the benefit of all of us", Time, Inc. v. Hill, 385 U.S. 375, 389, 87 S.Ct. 534, 543.

The News argues that an enlightened choice by an informed citizenry is the basic ideal upon which an open society is premised, and a free press is thus indispensable to a free society. The press, it is argued, provides the people with the widest possible range of fact and opinion, and is the bedrock of a free society.

The First Amendment to the Constitution of the United States, and Article I, §4, Declaration of Rights of the Constitution of the State of Florida (1968) grant and protect both freedom of speech and of the press.

The instant proceeding is a civil case, and not a criminal proceeding nor a proceeding before a grand jury of this state. The Miami News is not a party to this proceeding.

In a civil case, such as the one at bar, all rights of discovery are granted pursuant to the Florida Rules of Civil Procedure, and litigants can obtain the same information which newspapermen can obtain by their own investigation and by the use of the various discovery processes made available by the laws of the state of Florida. However, when the protection of the First Amendment is weighed on the one hand versus the inconvenience to litigants to conduct their own investigations on the other hand, the protection of the First Amendment must prevail.

In a very recent case decided by the United States Court of Appeals, in Chicago, Illinois, the federal court ruled that reporter

Alfred Balk could conceal the identity of a news source, a real estate operator who admitted using "block-busting" techniques.

In that court of appeals case the judges held that there are circumstances in which the public interest in non-disclosure of a journalist's confidential sources outweighs the public and private interest in compelled testimony.

During that litigation, a story by Balk appeared in the Saturday Evening Post. In a deposition, Balk refused to disclose the real estate agent's true identity. Significantly, the Supreme Court refused to grant certiorari and this decision of the United States Court of Appeals stands.

In an equally current case involving the Democratic National Committee v. The Committee for the Re-election of the President, Federal Judge Charles R. Richey, sitting in the District of Columbia, said that what was involved in that case was the right of the press to gather and publish, and that of the public to receive news from widespread, diverse and often confidential sources.

Judge Richey ruled, in supporting freedom of the press, that without information concerning the makeup of the government, the public's confidence in the government's integrity would inevitably suffer, and this was particularly true where there were strong allegations made of corruption within the highest circles of government.

Judge Richey held that his court could not blind itself to the possible "chilling" effect the enforcement of those subpoenas would have in the flow of information to the press and thus to the public.

Judge Richey concluded that he stood convinced that if he allowed the discouragement of investigative reporting into the highest levels of government no amount of legal theorizing could allay the public's suspicions.

In the case at bar, the court is convinced that if the Miami News is required to attend the taking of its deposition, to answer questions about its sources, and to produce any or all of the information set forth in the subpoena duces tecum, that would have a chilling effect upon freedom of the press and would tend to "dry up" the sources of information which are available in a free society.

Upon the entire record, it is ordered and adjudged that the motion to quash subpoena duces tecum filed by the Miami News is granted, and the subpoena duces tecum is quashed, and the notice of taking deposition is cancelled.